**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William U. Thompson,<br><br>                Plaintiff,<br><br>v.<br><br>Property & Casualty Insurance Company of Hartford,<br><br>                Defendants. | No. CV-13-02437-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant Property & Casualty Insurance Company of Hartford ("Hartford")'s Motion for Partial Summary Judgment (Doc. 24). The Court now rules on the motion.

**I.   Background**

Hartford issued a homeowners insurance policy (the "Policy") to Plaintiff for the period of February 9, 2009 through February 9, 2010. The Policy excludes coverage for an insured who before or after a loss "(1) intentionally concealed or misrepresented any material fact or circumstance; (2) made false statements of fact which, if known to Hartford, would have caused Hartford not to issue the policy; or (3) engaged in fraudulent conduct relating to the insurance." (Doc. 25 ¶ 2).

Plaintiff claimed his home was burglarized between July 24, 2009 and July 31, 2009. He reported the burglary to the Scottsdale Police Department, estimating the value of his stolen items to be approximately $40,000. In August 2009, Plaintiff submitted a claim to Hartford for his alleged loss, and on October 21, 2009, Hartford received

Plaintiff's proof of loss, which listed 465 items that Plaintiff claimed were stolen from his home. Plaintiff valued his loss at $211,189.

When Hartford investigated Plaintiff's claim, it learned that Plaintiff had made at least ten prior insurance claims, including five prior burglary claims at the same residence. Hartford obtained a recorded statement from Plaintiff. Hartford also took Plaintiff's Examination under Oath ("EUO"). During the EUO, Plaintiff testified to losses that increased the value of his claim to between $353,189 to $463,149.

On May 3, 2011, Hartford sent Plaintiff's attorney a letter in which Hartford stated, in part:

> We have now completed our investigation and we have determined that there is no coverage under Mr. Thompson's Property & Casualty Insurance Company of Hartford ("Hartford") policy.

(Doc. 25-1 at 156). The letter then extensively detailed the factual circumstances surrounding Hartford's determination of no coverage. (*Id.* at 157-69). Finally, the letter concluded:

> Based upon our investigation, as noted above, we have determined that Mr. Thompson intentionally concealed or misrepresented material facts and circumstances regarding his claim and therefore coverage under his policy is denied.
>
> If you believe that Hartford has erred in any way in its investigation or analysis, please let us know and we will be happy to consider your position. If you or Mr. Thompson believes you or Mr. Thompson have any other facts or information which would assist us in this matter and cause further consideration, please forward such materials at your earliest convenience and we will consider same. Should you and/or Mr. Thompson feel that Harford's decision is based upon incomplete or inaccurate information, please contact me to discuss the matter further. If any changes occur in the circumstances of this matter, please notify us immediately. All rights, terms, conditions and exclusions of the policy remain in full force and effect and are completely reserved.
>
> There may be other reasons why coverage does not apply and Hartford does not waive its right to contest or deny coverage for any other valid reason that may arise or is later discovered. Hartford reserves the right to bring a declaratory judgment action or other legal action to determine its duties, including, but limited to, whether coverage is, in fact, available under the policy.

(*Id.* at 169-70).

Plaintiff's counsel wrote to Hartford to ask for a revised decision, indicating that "[m]y client does not accept the decision from your client" and "there is no basis for the Hartford to deny the claim based on intentional concealment or misrepresentation of material facts and circumstances regarding the claim." (*Id.* at 181, 183). On September 11, 2012, Hartford sent Plaintiff's counsel a letter in which Hartford concluded that "we have determined that Mr. Thompson intentionally concealed or misrepresented material facts and circumstances regarding his claim and therefore coverage under his policy is denied." (*Id.* at 154). Like the first letter, this second letter also stated that Hartford would be happy to consider Plaintiff's position if Plaintiff believed Hartford had erred in its investigation or analysis. (*Id.*)

On October 29, 2013, Plaintiff filed this lawsuit against Hartford for breach of contract, unjust enrichment, and breach of the covenant of good faith and fair dealing (i.e. bad faith).

## II. Legal Standard

### A. Summary Judgment

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support that assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits, or declarations, stipulations . . . admissions, interrogatory answers, or other materials," or by "showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Id.* 56(c)(1)(A), (B). Thus, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

1 Initially, the movant bears the burden of pointing out to the Court the basis for the motion and the elements of the causes of action upon which the non-movant will be unable to establish a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-movant to establish the existence of material fact. *Id.* The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" by "com[ing] forward with 'specific facts showing that there is a *genuine* issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e) (1963) (amended 2010)). A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-movant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Id.* at 247–48. However, in the summary judgment context, the Court construes all disputed facts in the light most favorable to the non-moving party. *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004).

### B. Statute of Limitations for Bad Faith

"The tort of bad faith arises when the insurer 'intentionally denies, fails to process or pay a claim without a reasonable basis.'" *Zilisch v. State Farm Mut. Auto. Ins. Co.*, 995 P.2d 276, 279-80 ¶ 20 (Ariz. 2000) (quoting *Noble v. Nat'l Am. Life Ins. Co.*, 624 P.2d 866, 868 (Ariz. 1981)). In Arizona, a bad faith claim against an insurer must be brought within two years from the date on which the cause of action accrues. A.R.S. § 12-542; *Ness v. W. Sec. Life Ins. Co.*, 851 P.2d 122, 125 (Ariz. Ct. App. 1992). Thus, a plaintiff must bring a bad faith claim within two years from the date on which the insurer intentionally denies, fails to process, or pay a claim without a reasonable basis. *See Ness*, 851 P.2d at 126. "The cause of action does not accrue until the insurer breaches, and the insurer does not breach until it denies the claim." *Id.*

In *Ness*, the Arizona Court of Appeals held that an insurer did not deny a claim when it sent a letter asking for more information prior to determining the insured's claim. *Id.* at 124-26. When the insurer holds out "some hope to [the insured] that additional

- 4 -

benefits might be paid," the insurer has not yet denied the claim. *Id.* at 126. Nor does the statement of the insured's counsel bear upon whether the insurer has denied the claim; in *Ness*, although the insured's counsel had stated earlier in negotiations between the parties that the insurer had unfairly denied the claim, the court held that this "could be viewed by a jury as an attempt to induce the insurer to pay, rather than as a recognition that the insurer had finally and irrevocably denied the claim." *Id.* The court held that the insurer denied the claim only when it informed the insured that he did not qualify for benefits. *Id.* The court stated:

> [T]he cause of action should accrue only when the insurer terminates all negotiations with the insured because only at that point can the nature and extent of insurer's breach of the covenant of good faith and fair dealing and of the damages that were proximately caused by this breach be determined."

*Id.* (quoting William M. Shernoff, et al., Insurance Bad Faith Litigation § 20.07[4][b] (1991)).

## III. Analysis

The sole issue is whether Plaintiff's cause of action for bad faith accrued on May 3, 2011, when Hartford issued the first letter to Plaintiff, or on September 11, 2012, when Hartford issued the second letter to Plaintiff. Plaintiff argues that "there was no unequivocal denial indicated in the May 3, 2011[] letter" because Hartford's letter requested that Plaintiff inform Hartford if Plaintiff believed Hartford had erred in its investigation or analysis. (Doc. 27 at 5). Plaintiff's argument fails for two reasons. First, to the extent Plaintiff believes that such language precludes a letter from constituting an unequivocal denial, this contradicts Plaintiff's position that the September 11, 2012 letter was an unequivocal denial because the latter letter includes the same language. *See* (Doc. 25-1 at 154). Second, this language cannot override the fact that the May 3, 2011 letter unequivocally denied Plaintiff coverage under the Policy. The letter states that Hartford has completed its investigation and has determined there is no coverage under the Policy. (*Id.* at 156). There was no room for ongoing negotiation in this statement. Furthermore, the letter also states that "we have determined that [Plaintiff] intentionally concealed or

- 5 -

1 misrepresented material facts and circumstances regarding his claim and therefore
2 coverage under his policy is denied." (*Id.* at 169).

3 There is no genuine issue of material fact as to whether the May 3, 2011 letter
4 constituted an unequivocal denial under the Policy. Plaintiff argues that, as in *Ness*, any
5 recognition on his part that the May 3, 2011 letter constituted an unequivocal denial was
6 an "attempt to induce the insurer to pay" rather than an admission that this letter was a
7 denial. (Doc. 27 at 6). This argument is inapposite because in *Ness*, prior to the insurer
8 definitively denying the claim, counsel for the insured had made a statement that the
9 insurer "was unfairly denying the claim." 851 P.2d at 124-26. Thus, the court clarified
10 that counsel's statement could not prejudice the insured by accelerating the starting date
11 for the statute of limitations. *Id.* at 126. In the present case, there is no statement of
12 Plaintiff's counsel at issue.

13 Because Hartford unequivocally denied coverage under the Policy in its May 3,
14 2011 letter, Hartford's alleged breach of the Policy began on that date, and Plaintiff's
15 cause of action for bad faith accrued on that date. Under the two year statute of
16 limitations, Plaintiff was required to bring his bad faith claim no later than May 3, 2013.
17 Plaintiff filed this lawsuit on October 29, 2013. Accordingly, the statute of limitations
18 bars his claim for bad faith.

19 **IV. Conclusion**
20 For the foregoing reasons,
21 /
22 /
23 /
24 /
25 /
26 /
27 /
28 /

**IT IS ORDERED** that Hartford's Motion for Partial Summary Judgment (Doc. 24) is granted.

**IT IS FURTHER ORDERED** dismissing with prejudice Plaintiff's claim against Hartford for the breach of the covenant of good faith and fair dealing.

Dated this 30th day of March, 2015.

James A. Teilborg
Senior United States District Judge